IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALISON WHITE, on behalf of herself and all similarly situated individuals, | ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| INK PUBLISHING CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Alison White (hereinafter "Plaintiff") on behalf of herself and all similarly situated individuals, by and through the undersigned counsel, and files this Complaint for Damages against Defendant Ink Publishing Corporation (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Ink Publishing

Corporation.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and all similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's and all similarly situated individuals' employment with Defendant (hereinafter referred to as the "relevant time period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) of the FLSA and 28 U.S.C. §1331.

4.

Defendant Ink Publishing Corporation is a foreign corporation organized pursuant to Delaware law, having its principal office at the Capital Building, Suite 400, 255 East Paces Ferry Road, Atlanta, Georgia, 30305; furthermore, a substantial part of the unlawful employment practices giving rise to the claims described herein occurred in the Northern District of Georgia.  Accordingly, venue

in this Court is proper pursuant to 29 U.S.C. §216(b); 28 U.S.C. § 1391; LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Plaintiff was employed by Defendant from on or about July 15, 2013 through January 12, 2015 as an account executive.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed Plaintiff during the relevant time period.

10.

Defendant is a private employer engaged in interstate commerce, including providing inflight magazines for airlines across the United States and around the world.

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §§7 and 15, 29 U.S.C. § 204 and § 215.

### IV. FLSA Collective Action Allegations

14.

Plaintiff brings this Complaint on behalf of herself and all similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendant during the last three years as "account executives," "advertising account

executives," "sales executives," "sales representatives," and "inside sales representatives" (hereinafter the "Collective Class")

15.

Plaintiff and the Collective Class worked for Defendant within the past three years.

16.

Defendant hired Plaintiff on or about July 15, 2013 as an account executive in the Atlanta, Georgia office. Plaintiff occupied this position until her termination on January 12, 2015.

17.

Plaintiff and the Collective Class performed work that primarily included making outbound sales calls via telephone from their desk at Defendant's office located in Atlanta, Georgia in order to sell advertising to Defendant's existing and potential customers.

18.

Plaintiff and the Collective Class performed its primary duty pursuant to guidelines promulgated by Defendant, including scripted pitches and directed targeting of specific categories of customers.

19.

Plaintiff and the Collective Class' primary duty did not consist of work directly related to management policies or the general operations of the business.

20.

Plaintiff's and the Collective Class' primary duty did not require the exercise of discretion and independent judgment with respect to matters of significance.

21.

Plaintiff and the Collective Class did not supervise two (2) or more employees and had no hiring or firing authority over other employees.

22.

Plaintiff and the Collective Class were paid pursuant to a base income plus commissions earned on sales.

23.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

24.

Defendant was aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek during the relevant time period.

## V.  Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

25.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

26.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff and the Collective Class worked in excess of forty (40) hours in a workweek.

27.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

28.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

29.

Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

30.

Defendant's conduct was willful and in bad faith.

31.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI.  Collective Action Certification

32.

Plaintiff and the Collective Class of "account executives," "advertising account executives," "sales executives," "sales representatives," and "inside sales representatives" are similarly situated in that they each performed the same nonexempt duties, were not paid overtime for their work over 40 hours in a

workweek and were wrongly classified as exempt from the overtime requirements of the FLSA.

33.

Plaintiff and the Collective Class all sold advertising via the telephone from their desk at the Defendant's office in Atlanta, Georgia.

34.

Plaintiff and the Collective Class all performed their work in the same way, pursuant to sales guidelines promulgated by Defendant, including scripted pitches and directed targeting of specific categories of customers.

35.

Plaintiff and the Collective Class were all paid the same way, in that they received a base income plus commissions earned on sales.

36.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek.  However, Defendant did not pay Plaintiff and the Collective Class the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for hours worked in excess of forty (40) hours in a workweek.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 24th day of July, 2015.

                                       **BARRETT & FARAHANY, LLP**

                                       s/TK Smith
                                       Tequiero M. "TK" Smith
                                       Georgia Bar No. 199325
                                       Amanda A. Farahany
                                       Georgia Bar No. 646135
                                       Attorney for Alison White

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
tksmith@bf-llp.com